ADAM GORDON
United States Attorney
MARK S. LAURICELLA
Special Assistant United States Attorney
New York Bar No. 5440623
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9305
Email: Mark.Lauricella@usdoj.gov

Attorneys for United States of America

**FILED**

OCT 30 2025

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25CR255-JAH-02 |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| ANDRES ALONSO OLIVARES GARCIA (2), | |
| Defendant. | |



IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Andrew R. Haden, Acting United States Attorney, and Mark S. Lauricella, Special Assistant United States Attorney, and Defendant ANDRES ALONSO OLIVARES GARCIA, with the advice and consent of Crystal Dawn Erlandson, counsel for Defendant, as follows:

## I

### THE PLEA

Defendant agrees to plead guilty to Count 2 of the Indictment charging Defendant with:

> On or about January 19, 2025, on board a vessel subject to the jurisdiction of the United States, while on the high seas, defendants EDGAR MANUEL MURATALLA GONZALEZ, ANDRES ALONSO OLIVARES GARCIA, and HUGO RUBIO HERNANDEZ, did knowingly and intentionally possess, with intent to distribute, 5 kilograms and more, to wit: approximately 2,300 kilograms (5,070.6

Def. Initials A O 6

1    pounds) of a mixture and substance containing a detectable
     amount of cocaine, a Schedule II Controlled Substance; in
     violation of Title 46, Unite States Code, Section 70503, and
2    Title 18, United States Code, Section 2.

3        In exchange for defendant's guilty plea and sentencing on Count 2

4    of the Indictment and provided defendant fully complies with all the

5    terms of this plea agreement, the Government agrees to (1) move to

6    dismiss the remaining charges without prejudice when Defendant is

7    sentenced, and (2) not prosecute Defendant thereafter on such dismissed

8    charges unless Defendant breaches the plea agreement or the guilty plea

9    entered pursuant to this plea agreement is set aside for any reason. If

10   Defendant breaches this agreement or the guilty plea is set aside,

11   section XII below shall apply.

12       Defendant agrees that, following entry of Defendant's guilty plea,

13   the Government need not hold or preserve any evidence seized in

14   connection with this case. For any controlled substance seized in

15   connection with this case, Defendant agrees that, following entry of

16   Defendant's guilty plea, the Government may destroy the controlled

17   substance 30 days after the Government has provided Defendant with the

18   laboratory analysis report. If Defendant believes that additional

19   testing is needed, Defendant will arrange for and complete such testing

20   within that 30-day period, unless that period is extended by joint

21   written agreement or Court order, in which case the Government shall

22   preserve the controlled substance for the agreed-upon or judicially

23   mandated period. If the court has issued a preservation order in

24   connection with any seized evidence, Defendant will request that the

25   Court lift or revoke the preservation order following entry of

26   Defendant's guilty plea.

27

28

                                    2

Plea Agreement                              Def. Initials A06

Defendant agrees to waive any potential argument that venue in the Southern District of California is not proper.

This plea agreement is part of a "package" disposition as set forth in Section VI.E below. In order for defendant to receive the benefit of this agreement, codefendants EDGAR MANUEL MURATALLA GONZALEZ and HUGO RUBIO HERNANDEZ also must plead guilty at the same time.

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

    (1)   Defendant knowingly possessed cocaine;

    (2)   Defendant possessed it with the intent to distribute it to another person;

    (3)   At the time, the cocaine was on board a vessel subject to the jurisdiction of the United States.

In addition, for purposes of sentencing, although not elements, the Government would have to prove beyond a reasonable doubt that the offense involved at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine.

B.    ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

    1.   On or about January 19, 2025, defendant and codefendants EDGAR MANUEL MURATALLA GONZALEZ, and HUGO RUBIO

3

Def. Initials A O 6

HERNANDEZ, knowingly and intentionally possessed approximately 2,300 kilograms of cocaine on board a go-fast vessel with the intent to distribute it to another person;

2. Defendant agrees that the vessel he and his codefendants piloted was approximately 246 nautical miles south of Lazaro Cardenas, Mexico, on the high seas in international waters;

3. Defendant agrees that the United States could prove beyond a reasonable doubt at trial that the vessel displayed no indicia of nationality and no claim of nationality was made for the vessel, thus rendering the vessel without nationality and subject to the jurisdiction of the United States; and

4. Defendant agrees that defendant and his codefendants operated the vessel at various speeds and failed to stop as ordered by law enforcement until the United States Coast Guard, through disabling fire to the outboard engines, forced the vessel to stop. During this flight from the United States Coast Guard, defendant assisted with driving the vessel, navigation of the vessel, refueling the vessel, or jettisoning contraband and evidence overboard.

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

4

Def. Initials _AOG_

A.   a maximum life in prison and a mandatory minimum 10 years;

B.   a maximum $10,000,000 fine;

C.   a mandatory special assessment of $100 per count; and

D.   a term of supervised release of least 5 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

## IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

//

Def. Initials AOG

V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
## PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

VI

## DEFENDANT'S REPRESENTATION THAT GUILTY
## PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

6

Def. Initials A O 6

C.  No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.  Defendant is pleading guilty because Defendant is guilty and for no other reason.

E.  The disposition contemplated by this agreement is part of a "package" disposition with codefendants EDGAR MANUEL MURATALLA GONZALEZ, and HUGO RUBIO HERNANDEZ. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreements in the package.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the

Def. Initials _406_

1  Government's duty to provide complete and accurate facts to the district
2  court and the U.S. Probation Office.

IX

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

5      This plea agreement is made pursuant to Federal Rule of Criminal
6  Procedure 11(c)(1)(B). The sentence is within the sole discretion of
7  the sentencing judge who may impose the maximum sentence provided by
8  statute. It is uncertain at this time what Defendant's sentence will
9  be. The Government has not made and will not make any representation
10  about what sentence Defendant will receive. Any estimate of the probable
11  sentence by defense counsel is not a promise and is not binding on the
12  Court. Any recommendation by the Government at sentencing also is not
13  binding on the Court. If the sentencing judge does not follow any of
14  the parties' sentencing recommendations, Defendant will not withdraw
15  the plea.

X

**PARTIES' SENTENCING RECOMMENDATIONS**

18  A.   SENTENCING GUIDELINE CALCULATIONS

19      Although the Guidelines are only advisory and just one factor the
20  Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,
21  the parties will jointly recommend the following Base Offense Level,
22  Specific Offense Characteristics, Adjustments, and Departures:

|  |  |  |
|---|---|---|
| 1. | Base Offense Level [§ 2D1.1(c)(1)] | 38 |
| 2. | Safety Valve [§§ 2D1.1(b)(18) and 5C1.2] | -2* |
| 3. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 4. | Zero Point Offender [§ 4C1.1] | -2** |
| 5. | Appellate Waiver [§ 5K2.0] | -2 |

26      The actual Base Offense Level (BOL) cannot be determined until a
27  laboratory has performed a chemical analysis of a sample of the

8

Def. Initials _A O G_

controlled substance(s), so this calculation is subject to change. At sentencing, the parties will recommend a BOL consistent with the results of the laboratory testing. If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable Base Offense Level shall be determined pursuant to § 4B1.1(b). Furthermore, defendant will be ineligible for any role reduction.

*If Defendant truthfully discloses to the government all information and evidence Defendant has concerning the offense and relevant conduct, and if Defendant otherwise qualifies for the "safety valve" reduction contained in § 5C1.2, the government will recommend a two-level reduction under § 2D1.1(b)(18) and relief from any statutory mandatory minimum sentence pursuant to § 5C1.2. If Defendant does not qualify under § 5C1.2, Defendant may be subject to a statutory mandatory minimum sentence.

**There is no agreement regarding the defendant's Criminal History Score or Category. If defendant meets all requirements under USSG § 4C1.1, the Government will recommend a two-level decrease.

The United States reserves the right to reduce its recommended departure if defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

The parties may argue the applicability of USSG §5K2.21.

B.  ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

Def. Initials A06

1        1.   Fails to truthfully admit a complete factual basis as

2             stated in the plea at the time the plea is entered, or

3             falsely denies, or makes a statement inconsistent with,

4             the factual basis set forth in this agreement;

5        2.   Falsely denies prior criminal conduct or convictions;

6        3.   Is untruthful with the Government, the Court or

7             probation officer; or

8        4.   Breaches this plea agreement in any way.

9

   C.  FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE
10     UNDER 18 U.S.C. § 3553

11   1. Except as described in paragraph XC.2, Defendant may request or

12 recommend additional downward adjustments, departures, or variances

13 from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government

14 will oppose any downward adjustments, departures, or variances not set

15 forth in Section X, paragraph A above.

16     2. The defendant may not seek any additional downward adjustments,

17 departures, or variances from the Sentencing Guidelines under 18 U.S.C.

18 § 3553 based on the defendant's transportation or detention before his

19 initial appearance in the Southern District of California. This

20 includes, but is not limited to, arguments based on the conditions of

21 detention while at sea or the amount of time detained at sea before the

22 initial appearance.

23     D.  NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

24     The parties have **no** agreement as to Defendant's Criminal History

25 Category.

26 //

27 //

28

Def. Initials _A O 6_

1    E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

2    The facts in the "factual basis" paragraph of this agreement are

3  true and may be considered as "relevant conduct" under USSG § 1B1.3 and

4  as the nature and circumstances of the offense under 18 U.S.C.

5  § 3553(a)(1).

6    F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

7    The Government will recommend that Defendant be sentenced to the

8  greater of: the low end of the advisory guidelines range as calculated

9  by the Government, 84 months imprisonment, or the applicable statutory

10  mandatory minimum sentence if Defendant does not qualify for Safety

11  Valve.

12    G.    SPECIAL ASSESSMENT/FINE

13        1.    Special Assessment

14    The parties will jointly recommend that Defendant pay a special

15  assessment in the amount of $100.00 per felony count of conviction to

16  be paid forthwith at time of sentencing. Special assessments shall be

17  paid through the office of the Clerk of the District Court by bank or

18  cashier's check or money order made payable to the "Clerk, United States

19  District Court."

20        2.    Fine

21    The parties will not recommend imposition of a fine due to

22  Defendant's limited financial prospects and because the cost of

23  collection, even taking into account the Inmate Responsibility Program,

24  likely would exceed the amounts that could reasonably be expected to be

25  collected.

26  //

27  //

28

11

Def. Initials _A06_

1      H.   <u>SUPERVISED RELEASE</u>

2      If the Court imposes a term of supervised release, Defendant will

3 not seek to reduce or terminate early the term of supervised release

4 until Defendant has served at least 2/3 of the term of supervised

5 release and has fully paid and satisfied any special assessments, fine,

6 criminal forfeiture judgment, and restitution judgment.

7                            XI

8          **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

9      Defendant waives (gives up) all rights to appeal and to

10 collaterally attack every aspect of the conviction and sentence,

11 including any restitution order. This waiver includes, but is not

12 limited to, any argument that the statute of conviction or Defendant's

13 prosecution is unconstitutional and any argument that the facts of this

14 case do not constitute the crime charged. The only exception

15 is Defendant may collaterally attack the conviction or sentence on the

16 basis that Defendant received ineffective assistance of counsel. If

17 Defendant appeals, the Government may support on appeal the sentence or

18 restitution order actually imposed.

19                           XII

20            **BREACH OF THE PLEA AGREEMENT**

21      Defendant and Defendant's attorney know the terms of this agreement

22 and shall raise, before the sentencing hearing is complete, any claim

23 that the Government has not complied with this agreement. Otherwise,

24 such claims shall be deemed waived (that is, deliberately not raised

25 despite awareness that the claim could be raised), cannot later be made

26 to any court, and if later made to a court, shall constitute a breach

27 of this agreement.

28

Def. Initials _A O G_

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.   Failing to plead guilty pursuant to this agreement;

2.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.   Failing to appear in court;

4.   Attempting to withdraw the plea;

5.   Failing to abide by any court order related to this case;

6.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Def. Initials _AOG_

1    Additionally, if Defendant breaches this plea agreement: (i) any

2    statements made by Defendant, under oath, at the guilty plea hearing

3    (before either a Magistrate Judge or a District Judge); (ii) the factual

4    basis statement in Section II.B in this agreement; and (iii) any

5    evidence derived from such statements, are admissible against Defendant

6    in any prosecution of, or any action against, Defendant. This includes

7    the prosecution of the charge(s) that is the subject of this plea

8    agreement or any charge(s) that the prosecution agreed to dismiss or

9    not file as part of this agreement, but later pursues because of a

10   breach by the Defendant. Additionally, Defendant knowingly,

11   voluntarily, and intelligently waives any argument that the statements

12   and any evidence derived from the statements should be suppressed,

13   cannot be used by the Government, or are inadmissible under the United

14   States Constitution, any statute, Rule 410 of the Federal Rules of

15   Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and

16   any other federal rule.

17                                    XIII

18                **CONTENTS AND MODIFICATION OF AGREEMENT**

19       This plea agreement embodies the entire agreement between the

20   parties and supersedes any other agreement, written or oral. No

21   modification of this plea agreement shall be effective unless in writing

22   signed by all parties.

23                                    XIV

24          **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

25       By signing this agreement, Defendant certifies that Defendant has

26   read it (or that it has been read to Defendant in Defendant's native

27

28

14

Def. Initials _AOБ_

language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

### XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ADAM GORDON
United States Attorney

**10/29/25**
_____
DATED

_____
MARK S. LAURICELLA
Special Assistant U.S. Attorney

10/14/25
_____
DATED

_____
CRYSTAL DAWN ERLANDSON
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

10/14/25
_____
DATED

_____
ANDRES ALONSO OLIVARES GARCIA
Defendant

Approved By:

*Matthew Sutton*
_____
MATTHEW J. SUTTON
Assistant U.S. Attorney

15

Def. Initials _AOB_